1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11
12
13
14
15
16

| | |
|---|---|
| DAMIAN KARL SCHENEWARK,<br><br>          Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI[1],<br>Acting Commissioner of Social Security,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:21-cv-0683 JLT<br><br>ORDER LIFTING THE STAY<br><br>ORDER AMENDING THE SCHEDULING ORDER |

17      This action was automatically stayed under General Order No. 615, due to the Commissioner's

18  inability to prepare a certified copy of the administrative record with limitations caused by the COVID-

19  19 pandemic. (*See* Doc. 3 at 4.)  General Order No. 615 allows the stay to be lifted when "i) the

20  Commissioner files a proof of service showing that the CAR has been served on Plaintiff; or ii) the

21  Commissioner files the CAR."  The Commissioner has now filed the certified administrative record.

22  (Doc. 11.)  Accordingly, the Court **ORDERS**:

23      1.    The stay imposed by General Order No. 615 is **LIFTED**;

24      2.    **<u>Within 45 days of service of this order</u>**, the plaintiff shall file the motion for summary

25  judgment;

26

27       [1] This action was originally filed against Andrew Saul in his capacity as the Commissioner of Social Security.
(*See* Doc. 1 at 1.) The Court has substituted Kilolo Kijakazi, who has since been appointed the Acting Commissioner of

28  Social Security, as the defendant. *See* Fed. R. Civ. P. 25(d).

3.     **Within 45 days after service of plaintiff's opening brief**, the defendant shall file the responsive brief;

4.     **Within 15 days after filing of defendant's brief**, the plaintiff shall file the optional reply brief;

5.     Any motion for attorney fees shall be filed within 30 days after entry of final judgment. Opposition or a statement of non-opposition shall be filed within 30 days thereafter.

6.     All references to the record and all assertion of fact must be accompanied by citations to the record. The opening and responsive brief shall contain the following:

(a)     A description of the plaintiff's alleged physical or emotional impairments, including when the plaintiff contends the impairments became disabling, and how these impairments disable the plaintiff from work;

(b)     A summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings and the purpose and effect of prescribed medication and therapy;

(c)     A summary of the relevant testimony at the administrative hearing;

(d)     A recitation of the defendant's findings and conclusions relevant to the plaintiff's claims;

(e)     A short, separate statement of each of the plaintiff's legal claims stated in terms of the insufficiency of the evidence to support findings of fact or reliance upon an erroneous legal standard; and

(f)     Argument separately addressing each claimed error. Argument in support of each claim of error must be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case. Briefs that do not substantially comply with these requirements will be stricken.

7.     Requests for modification of this briefing schedule must be made by written stipulation or motion and will be granted only for good cause. A request for a modification brought on the filing deadline will be looked upon with disfavor. Local Rule 144(d).

///

8.      Violations of this order or of the federal rules of procedure or the Local Rules may result in sanctions pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   __**November 1, 2021**__            _____ **/s/ Jennifer L. Thurston**

                                                    CHIEF UNITED STATES MAGISTRATE JUDGE